UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___3/10/2026___

HECTOR MARTINEZ MATA,

              Plaintiff,

      -against-

144 DELI GROCERY STORE CORP. and JUAN
POLANCO,

              Defendants.

25-CV-00984 (MMG)

**OPINION & ORDER**

MARGARET M. GARNETT, United States District Judge:

This is an action under the Fair Labor Standards Act (the "FLSA") and New York Labor

Law ("NYLL"). Plaintiff is Hector Martinez Mata. Plaintiff worked as a deli clerk for

Defendants 144 Deli Grocery Store Corp. ("144 Deli"), a market in Manhattan; and Juan

Polanco, 144 Deli's owner. During his employment, Plaintiff contends Defendants failed to pay

him minimum and overtime wages, provide him a wage notice or wage statements, or give him

spread-of-hours pay. Dkt. No. 1 ("Compl."). After Defendants failed to appear or answer the

complaint, Plaintiff moved for default judgment. Dkt. No. 15. For the reasons set forth below,

Plaintiff's motion is GRANTED IN PART and default judgment is ENTERED.

## BACKGROUND

**I.    RELEVANT FACTS[1]**

Plaintiff worked as a deli clerk at 144 Deli from July 2020 through December 29, 2024.

Compl. ¶ 7. He alleges he worked six days a week, for a total of fifty-six hours a week, and a

spread of hours greater than ten hours per day, while earning weekly pay of $250. *Id.* ¶¶ 9–10.

---

[1] The below facts are taken from the complaint (Dkt. No. 1) and assumed true solely for purposes
of this Opinion.

Polanco hired Plaintiff, set Plaintiff's pay, and ultimately fired Plaintiff. *Id.* ¶ 19. Plaintiff did not receive any wage notices at the time of his hiring or wage statements during his employment.

144 Deli sold "fruits, vegetables, meats, dry goods, and soft drinks" that had been moved or produced in interstate commerce. *Id.* ¶ 16. Lastly, Defendants had an annual gross volume of sales exceeding $500,000. *Id.*

## II.    PROCEDURAL HISTORY

Plaintiff filed his complaint on February 3, 2025. Compl. It includes seven counts. Counts One through Four allege Defendants failed to pay overtime and minimum wages in violation of the FLSA and NYLL. *Id.* ¶¶ 28–52. Counts Five and Six allege Defendants failed to provide Plaintiff a wage notice and wage statements in violation of the NYLL, specifically the Wage Theft Prevention Act. *Id.* ¶¶ 22, 53–64. Count Seven alleges Defendants failed to make spread-of-hours payments in violation of the NYLL. *Id.* ¶¶ 65–68.

Electronic summons issued on February 4, 2025. Dkt. No. 5. Plaintiff filed affidavits of service on February 17, 2025, showing service was effectuated on both Defendants on February 14, 2025. *See* Dkt. Nos. 6 & 7. Defendants' deadline to answer, move against, or otherwise respond to the Complaint was March 7, 2025. Fed. R. Civ. P. 12(a)(1)(A)(i). Defendants failed to do so by that deadline, or at any time since.

On April 28, 2025, the Court entered an order scheduling default judgment briefing. Dkt. No. 8. It permitted Plaintiff to move for default judgment by May 26, 2025. *Id.* It also required Plaintiff to serve a copy of the Order on Defendants within two (2) business days and, if Plaintiff moved for default judgment, to file proof of service of the motion on Defendants by May 30, 2025. *Id.*

Plaintiff filed proof of service of the Court's April 28, 2025 Order that same day. Dkt. No. 9. The Clerk's Office entered a certificate of default as to all Defendants on May 19, 2025. Dkt. No. 14. Plaintiff moved for default judgment as to all Defendants (the "Motion") on May 24, 2025. Dkt. No. 15. On May 30, 2025, Plaintiff filed proof of service of the Motion on Defendants. Dkt. No. 16. Defendants failed to oppose the motion, answer the complaint, or appear in this lawsuit.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 prescribes two steps for entering judgment against a party who has failed to defend: entry of a default, and then entry of a default judgment. Fed. R. Civ. P. 55; *see also New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).[2] The first step, entry of a default, "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). "The second step, entry of a default judgment, converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)." *Id.* Rule 54(c) states, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

Following entry of default against a defendant, a court may enter a default judgment "if liability is established as a matter of law when the factual allegations of the complaint are taken as true." *Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir. 2015). The court "applies the same

---

[2] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes and omissions, and adopt alterations.

standards that govern a motion to dismiss under [Rule] 12(b)(6)" for purposes of deciding whether a default judgment is warranted. *Cala v. Buena Vista Tortillas Corp.*, No. 21-CV-06890 (JPO), 2023 WL 2574746, at *2 (S.D.N.Y. Mar. 20, 2023) (citing *Steginsky v. Xcelera Inc.*, 741 F. 3d 365, 368 (2d Cir. 2014)); *see also Zokirzoda v. Acri Cafe Inc.*, 18-CV-11630 (JPO), 2020 WL 359908, at *2 (S.D.N.Y. Jan. 22, 2020) (noting that "a party in default does not admit conclusions of law" and therefore the plaintiff has the "burden to demonstrate that the uncontroverted facts establish the defendant's liability") (citing *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)).

## DISCUSSION

The Court has reviewed Plaintiff's Motion and the attached documents. Because proof of service has been filed, Defendants have failed to answer the Complaint, the time for doing so has expired, each Defendant has failed to appear to contest the entry of default judgment, and Plaintiff has alleged sufficient facts to establish Defendants' liability for the First, Second, Third, Fourth, and Seventh Counts of the complaint, the Court will enter default judgment for Plaintiff against all Defendants, jointly and severally, on Counts One through Four and Count Seven of the complaint. The Court will also issue an order referring this matter to Magistrate Judge Valerie Figueredo for an inquest on damages as well as costs, prejudgment interest, and attorney's fees.

## I.    STATUTE OF LIMITATIONS

Before addressing the merits, the Court examines the FLSA and NYLL's statute of limitations and their implications for this case. "Courts in this Circuit . . . generally have limited a plaintiff's recovery in the event of a defendant's default to the time period covered by the FLSA statute of limitations." *Guallpa v. N.Y. Pro Signs Inc.*, No. 11-CV-03133, 2014 WL

2200393, at *2 n.2 (S.D.N.Y. May 27, 2014).  For a cause of action involving willful conduct, the FLSA imposes a three-year statute of limitations.  29 U.S.C. § 255(a).  Plaintiff alleges willful conduct; therefore, the FLSA's three-year limitation applies.  Compl. ¶ 40.  The NYLL imposes a six-year statute of limitations.  N.Y. Lab. Law §§ 198(3), 663(3).  Plaintiff filed his complaint on February 3, 2025.  Accordingly, the FLSA limitation period includes claims accruing between February 3, 2022, and February 3, 2025; and the NYLL limitation period includes claims accruing between February 3, 2019, and February 3, 2025.

## II.    THE MINIMUM WAGE AND OVERTIME CLAIMS

In Counts One through Four, Plaintiff alleges Defendants violated the FLSA and NYLL by failing to pay minimum wage and required overtime pay.  "To state an FLSA minimum wage or overtime compensation claim, a plaintiff must allege that she was the defendant's employee, that her work involved interstate [commerce], and that she worked an approximate number of hours for which she did not receive minimum or overtime wages."  *Zhen Ming Chen v. Y Café Ave B Inc.*, No. 18-CV-04193 (JPO), 2019 WL 2324567, at *2 (S.D.N.Y. May 30, 2019) (citing *Zhong v. August August Corp.*, 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007)).  A plaintiff has a similar burden to state a minimum wage or overtime compensation claim under the NYLL.  *Id.* at *3; *Zokirzoda,* 2020 WL 359908, at *2 (noting that "[t]he analysis is the same for NYLL wage-and-hour claims, except that plaintiffs need not show a nexus with interstate commerce or a minimum amount of annual sales").

Plaintiff has stated a minimum wage and overtime compensation claim under both the FLSA and NYLL.  First, Plaintiff plausibly alleges he was Defendants' employee under the FLSA and NYLL.  In assessing whether a plaintiff was an employee under the FLSA, a court looks to "the economic reality of [the] employment relationship" and makes a case-by-case

determination based on "the totality of the circumstances." *Underwood v. TAFSC Hous. Dev. Fund Corp.*, 18-CV-06664 (JPO), 2019 WL 5485211, at *2 (S.D.N.Y. Oct. 25, 2019) (quoting *Irizarry v. Catsimatidis*, 722 F.3d 99, 104-05 (2d Cir. 2013)). Four factors are relevant to this determination: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* Under the NYLL, the inquiry focuses on the "degree of control" a defendant exercised over a plaintiff. *Id.* at *3 (citing *Saleem v. Corp. Transp. Grp., Ltd.*, 52 F. Supp. 3d 526, 535–36 (S.D.N.Y. 2014)).

Plaintiff alleges that, between July 2020 and December 2024, Polanco, as the owner of 144 Deli, hired Plaintiff to work as a deli clerk, set Plaintiff's pay, and terminated Plaintiff's employment. Compl. ¶¶ 7, 19. These allegations suffice to show Plaintiff was both Defendants' employee for the relevant period under both the FLSA and NYLL. *See Zhen Ming Chen*, 2019 WL 2324567, at *3 (finding that a plaintiff working on a set schedule for a fixed wage determined by defendants was sufficient to establish employment under both laws).

Second, Plaintiff has sufficiently alleged that Defendants engaged in "interstate activity." *Id.* at *2. To engage in such activity, a defendant must have employees who "engaged in commerce or in the production of goods for commerce" or who "handl[ed], s[old], or otherwise work[ed] on goods or materials that have been moved in or produced for commerce by any person[,]" and it must have an annual gross volume of sales or business of at least $500,000. 29 U.S.C. § 203(s)(1)(A)(i)-(ii). Plaintiff alleges that Defendants had employees handling and selling goods produced for commerce, including fruits, vegetables, meats, dry goods, and soft drinks, "engaged in interstate commerce," and had annual gross sales totaling at least $500,000.

6

Compl. ¶ 16. Therefore, Defendants qualify as an enterprise engaged in commerce within the meaning of the FLSA and are subject to the FLSA's wage and hour provisions. *See* 29 U.S.C. §§ 206(a), 207(a)(1); *see also Zhen Ming Chen*, 2019 WL 2324567, at *2 (finding that similar factual allegations by the plaintiff were sufficient to establish coverage by the FLSA). For NYLL claims, there is no interstate commerce element nor is there a requirement of a minimum dollar amount for annual sales. *Zokirzoda,* 2020 WL 359908, at *2.

Third, Plaintiff has alleged that he was not paid minimum wage or overtime pay. A plaintiff may show he did not receive minimum wages by alleging facts about his "salary and working hours" such that "a simple arithmetical calculation can be used to determine the amount owed per pay period." *Id.* To state an FLSA overtime compensation claim, "a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy v. Cath. Health Sys. of Long Island, Inc.*, 711 F.3d 106, 114 (2d Cir. 2013); *see also Ramirez v. Exclusive Mgmt. Sol. Grp., Inc.*, No. 24-CV-01786 (MMG), 2025 WL 3456654, at *5 (S.D.N.Y. Dec. 2, 2025) (quoting *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 90 (2d Cir. 2013)) (explaining that while "blanket statements that an employee worked more than 40 hours without overtime pay fail to meet the standard," to nudge the overtime pay claim from conceivable to plausible, a plaintiff need not provide "careful records" or "plead the[ir] hours with mathematical precision"). Plaintiff has met the minimum pleading requirement for both counts by alleging he worked for "approximately 56 hours each week" and received a flat wage of $250 per week during the relevant period.[3] Compl. ¶¶ 9-11; *see Spiegel*

---

[3] Plaintiff's "regular rate of pay" under these facts would be $250 ÷ 40, which equals $6.25 an hour, which is below either the federal or state minimum wage during any of the relevant periods. In addition, Plaintiff would have approximately 16 hours per week of overtime, for which he was paid nothing (assuming all 56 hours were compensable time).

*v. Estee Lauder Inc.*, 24-2089, 2025 WL 1288019, at *2 (2d Cir. May 5, 2025) (quoting *Herrera v. Comme des Garcons, Ltd.*, 84 F.4th 110, 116 (2d Cir. 2023)) (noting that an allegation that the plaintiff's "regularly scheduled workweek for a given period of time included more than forty hours of work" without overtime pay is sufficient to satisfy the pleading standard for an overtime compensation claim).

Because Plaintiff has stated a minimum wage and overtime compensation claim under both the FLSA and NYLL, the Court enters default judgment in his favor on Counts One through Four of the complaint.

## III.    THE WAGE NOTICE AND WAGE STATEMENTS CLAIMS

In Counts Five and Six, Plaintiff alleges Defendants violated the NYLL's requirement that employers provide employees with a wage notice at the start of employment and wage statements each time they are paid or at some other regular interval.  Having reviewed the complaint and the Motion, the Court determines Plaintiff has not shown Article III standing for these claims.  To establish Article III standing in a wage notice and statements case, a plaintiff must allege "actual and specific injuries" flowing from alleged wage notice and wage statement violations and cannot merely "rely on 'technical violations' of the Labor Law." *Ramirez*, 2025 WL 3456654, at *6 (citing *Guthrie v. Rainbow Fencing Inc.*, 113 F.4th 300, 305 (2d Cir. 2024)). While an "informational injury" resulting from a failure to provide wage statements or wage notice may give rise to standing, a plaintiff must also allege "downstream consequences" that show an interest in using the information beyond bringing a lawsuit. *Reyes v. Coppola's Tuscan Grill, LLC*, No. 21-CV-07040 (AT)(SN), 2023 WL 4303943, at *6 (S.D.N.Y. June 13, 2023) (quoting *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 444 (2d Cir. 2022)).  Courts in this circuit have routinely held that boilerplate and conclusory statements of injury are insufficient to

establish Article III standing in wage notice and wage statement claims. *See, e.g., Kargar v. Kamolov*, No. 22-CV-00664 (JMF) (BCM), 2025 WL 4063721, at *9 (S.D.N.Y. Dec. 16, 2025).

Here, Plaintiff does not point to any concrete harm stemming from the Defendants' failure to provide wage notice and wage statements. Instead, the complaint merely states that the failure to provide notices deprived Plaintiff the ability to "know how many hours Plaintiff worked each week and/or the wage" that was paid and thus prevented Plaintiff from seeking relief more promptly. Compl. ¶¶ 56–58. Plaintiff's assertions are insufficient because they fail to identify any injury beyond his claims in this lawsuit. *See Reyes*, 2023 WL 4303943, at *6 (denying recovery where a plaintiff failed to demonstrate how his lack of notice resulted in an injury). Furthermore, because Plaintiff alleges he received a flat $250 wage every week, and presumably knew what time he arrived at work and what time he left each day, a wage statement would not better help him understand how much he was earning per hour in a given pay period. Plaintiff also asserted the lack of proper notice and statements would have harmed him "in case Plaintiff wanted to apply for public benefits, bank loans, and/ or credits cards." Compl. ¶ 59. But hypothetical injuries that might have happened fall short of Article III's requirement of a specific and concrete injury. *See Moran v. Tacos El Gallo Giro Corp.*, No. 23-CV-08167, 2025 WL 2813675, at *6 (E.D.N.Y. Oct. 3, 2025); *cf. Ramirez*, 2025 WL 3456654, at *6 (finding Article III standing because a plaintiff pleaded her employer's failure to provide a wage notice and wage statements caused her to struggle to pay bills and other debts and reduced her wages on the W-2 form and thus her social security benefits).

Accordingly, Plaintiff has not established standing for his NYLL wage notice and statements claims at Counts Five and Six and judgment will not be entered on those claims.

## IV.    THE SPREAD-OF-HOURS PAY CLAIM

In Count Seven, Plaintiff claimed Defendants violated the NYLL by failing to pay him required spread-of-hours compensation.  Under the NYLL, employees are entitled to one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required for any day "in which the spread of hours exceeds 10 hours," 12 N.Y.C.R.R. § 142–2.4(a), with the "spread of hours" referring to "the interval between the beginning and end of an employee's workday." *Id.* § 142–2.18; *see also Humphrey v. Rav Investigative & Sec. Servs. Ltd.*, 169 F. Supp. 3d 489, 497 (S.D.N.Y. 2016).  A plaintiff states a spread-of-hours pay claim by alleging that she "(i) earned less than the statutory minimum wage; (ii) worked more than 10 hours per day at various times during her employment; and (iii) she did not receive spread-of-hours pay." *Gaughan v. Rubenstein*, 261 F. Supp. 3d 390, 424 (S.D.N.Y. 2017).

Here, Plaintiff alleges that he made less than the minimum wage during the relevant period, Compl. ¶¶ 9–11, 31, 46, that Defendants "regularly and knowingly required [him] to be at work for a spread of hours equal to, or greater than, ten hours per day," *id.* at ¶ 66, and that Defendants failed to pay him one extra hour's pay on those days, *id.* at ¶ 67.  These assertions contain sufficient facts to show that Defendants violated the spread-of-hours pay requirements. Accordingly, Plaintiff has stated a claim for unpaid spread-of-hours compensation under the NYLL.

### CONCLUSION

For the foregoing reasons, the Court concludes that entry of default judgment against both Defendants is warranted as to Counts One through Four and Count Seven of the complaint. The Court will, by separate order, refer this case to the Hon. Valerie Figueredo, Magistrate Judge, for an inquest into damages, including attorney's fees and costs.

It is further ORDERED that Plaintiff serve this Order upon each Defendant and file proof of service on or before March 24, 2026.

The Clerk of Court is respectfully directed to terminate Dkt. No. 15.

Dated: March 10, 2026
      New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge