UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HECTOR MARTINEZ MATA,

                     Plaintiff,

    -v-

144 DELI GROCERY STORE CORP. and
JUAN POLANCO,

                    Defendants.

25-CV-00984 (MMG) (VF)

**ORDER**

**VALERIE FIGUEREDO,** United States Magistrate Judge.

On March 12, 2026, the Honorable Margaret M. Garnett referred this case for the purpose of conducting an inquest, with respect to the damages that should be awarded to Hector Martinez Mata ("Plaintiff") upon the default of 144 Deli Grocery Store Corp. and Juan Polanco ("Defendants"). See ECF No. 17. Accordingly, it is hereby ORDERED that:

1. No later than **June 4, 2026**, Plaintiff shall serve on Defendants and file Proposed Findings of Fact and Conclusions of Law concerning damages ("Proposed Findings"). Plaintiff shall include, with such service, a copy of this Order.

2. Plaintiff's Proposed Findings should specifically tie the proposed damages figure(s) to the legal claim(s) on which liability has now been established; should demonstrate how Plaintiff has arrived at the proposed damages figure(s); and should be supported by a sworn affidavit, or a declaration under penalty of perjury, that attaches as exhibits and contains an explanation of any documentary evidence that helps establish the proposed damages.

1

3. Further, to the extent that Plaintiff seeks attorneys' fees and litigation costs, Plaintiff's submissions should not only set out the legal basis for such an award, but should also:

   a. provide copies of Plaintiff's attorneys' contemporaneous time records, so that this Court may assess whether the requested fees are reasonable, see New York Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983);

   b. address the reasonableness of the hourly rates of the attorneys working on the matter and their support staff, see Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 190 (2d Cir. 2008); and

   c. provide copies of invoices or other documentation substantiating the amount of costs that have been incurred.

4. Defendants shall submit their response to Plaintiff's submissions, if any, no later than **June 25, 2026.** Defendants are cautioned, however, that, as corporate entities, they may not appear in this Court without an attorney and therefore any response that they seek to file, including any request for a hearing on damages, must be made through counsel for that response to be considered by the Court.

5. IF DEFENDANTS FAIL TO RESPOND TO PLAINTIFF'S SUBMISSIONS BY **JUNE 25, 2026**, THEN THIS COURT WILL PROCEED TO ISSUE A REPORT AND RECOMMENDATION CONCERNING DAMAGES ON THE BASIS OF PLAINTIFF'S

2

WRITTEN SUBMISSION ALONE. <u>See</u> <u>Action S.A. v. Marc Rich & Co.</u>, 951 F.2d 504, 508 (2d Cir. 1991) (Fed. R. Civ. P. 55(b)(2) "allows but does not require . . . a hearing"); <u>Fustok v. ContiCommodity Servs. Inc.</u>, 873 F.2d 38, 40 (2d Cir. 1989) ("[I]t [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment.").

Dated:     New York, New York
           May 5, 2026

SO ORDERED

_____
VALERIE FIGUEREDO
United States Magistrate Judge

3